■ JOHANNA JOHANNSDOTTIR et al., Respondents, v FREDDA S. KOHN, Appellant, et al., Defendant. — In a negligence action to recover damages for personal injuries, defendant Fredda Shieb Kohn appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated October 6, 1981, as granted plaintiffs' motion for summary judgment on the issue of liability and directed an assessment of damages. Order reversed, insofar as appealed from, without costs or disbursements and motion for summary judgment denied, without prejudice to renewal upon the completion of discovery proceedings. On March 29, 1981 at approximately 1:20 A.M. Pernille P. Baekgaard, a resident of Denmark, was driving a car owned by appellant Fredda Shieb Kohn when it mounted a curb, struck a utility pole, crashed through a fence and continued on approximately another 17 feet before finally coming to rest against two trees. The plaintiffs were passengers in the automobile and they allegedly sustained the injuries complained of as a result of the accident. On or about July 1, 1981, plaintiffs commenced this action against appellant, the owner of the vehicle. It is not disputed that the driver was operating the vehicle with the consent of appellant. It is also undisputed that, although named as a party defendant, the driver has not been served in this action. On or about August 17, 1981 appellant served her answer. Two days later, plaintiffs moved for summary judgment. In support of their motion they argued that the accident occurred solely because of the driver's careless operation of the automobile, to wit, driving at an excessive rate of speed, driving while impaired and purposely moving the steering wheel from left to right. The motion was also based upon an admission allegedly made by the driver and recounted in the affidavit of plaintiff Linda Dodd Reynisdottir submitted in support of the motion, to the effect that "she [the driver] was sorry for causing the accident as she had 'blacked out.' She indicated to me that she had been drinking heavily and smoking marijuana before the accident which had affected her driving ability." Plaintiffs contend that on the basis of that admission by the driver they are entitled to summary judgment against appellant on the issue of liability. Summary judgment, however, is a drastic remedy inasmuch as it denies a trial to the party against whom it is granted (*Millerton Agway Coop. v Briarcliff Farms,* 17 NY2d 57). It is rarely granted in negligence cases since the very question of whether a defendant's conduct amounts to negligence is inherently a question for the trier of fact in all but the most egregious instances (*Wilson v Sponable,* 81 AD2d 1, 5; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:8, p 430). Thus, even in cases in which the facts are conceded, there is often a question as to whether the defendant acted reasonably under the circumstances (*Ugarriza v Schmieder,* 46 NY2d 471, 475; *Andre v Pomeroy,* 35 NY2d 361, 364). It is the rule that if it appears from the affidavits of the party opposing a motion for summary judgment "that facts essential to justify opposition may exist but cannot then be stated", the court may, in its discretion, deny the motion or "may order a continuance to permit affidavits to be obtained or disclosure to be had and may make such other order as may be just" (CPLR 3212, subd [f]). In the case at bar, the appellant's counsel stated in his affidavit in opposition to the motion for summary judgment, that he was unable to obtain an affidavit from the driver of the vehicle because she had returned to her native home in Denmark. He contended that his liability to

obtain the driver's version of the occurrence and the fact that no discovery had been held, militate against the granting of summary judgment. Appellant's counsel also called attention to a police accident report, which had been submitted by plaintiffs in support of the motion, in which it was indicated that the right front tire of the vehicle was flat and that it was unknown whether the tire went flat before, or after, the vehicle mounted the curb. Counsel argued that the statements in the report concerning the tire demonstrate the existence of a material issue of fact as to the cause of the accident. Plaintiffs rely on *Andre v Pomeroy* (35 NY2d 361, 365, *supra*), in which the negligence of the defendant driver was established as a matter of law by her uncontested admission that while driving in heavy traffic she took her eyes off the road to look at something in her purse and drove directly into the car in front of her. They note that the opposing papers herein similarly do not set forth any facts to contradict the driver's statement concerning the accident. Plaintiffs' reliance on *Andre v Pomeroy* (*supra*) is misplaced, however, under the circumstances of this case. The plaintiffs' motion for summary judgment is dated August 19, 1981, just two days after appellant had served a verified answer, a demand for a bill of particulars, and a notice to take oral depositions, etc. The making of the motion had the effect of staying all disclosure until determination thereof (CPLR 3214, subd [b]; *Federal Deposit Ins. Corp. v Hyer*, 66 AD2d 521, 527). In opposing plaintiffs' motion for summary judgment, appellant was obligated to come forward with evidentiary proof of triable issues of fact. However, that task was rendered extremely difficult because appellant had not had the opportunity to conduct any disclosure proceedings and because she is charged only with vicarious liability arising out of her ownership of the automobile and has no personal knowledge of the accident. Special Term granted summary judgment to plaintiffs on the ground that appellant had failed to offer a viable excuse for her failure to obtain a statement or affidavit from the driver, either after the accident when she was staying in the household of the appellant, or after she returned to Denmark. It is our view that under the circumstances of this case, Special Term erred in granting summary judgment to plaintiffs, especially when viewed against the short length of time between the accident, which occurred in March, the commencement of the suit in July, and the making of the instant motion in August. This is not a case where the party against whom the motion for summary judgment was made failed to gather facts to support her contentions due to her own voluntary inaction (see *Payne v Payne*, 34 AD2d 375, revd on other grounds 28 NY2d 399 [motion made about three years after the accident]; *Silinsky v State-Wide Ins. Co.*, 30 AD2d 1 [approximately 10-month period between joinder of issue and hearing of the motion with no request for disclosure]). In light of the drastic nature of summary judgment, the interests of justice will be served by denying plaintiffs' motion at this time so as to allow appellant the opportunity to obtain discovery of the facts of the accident. Denial of the motion is without prejudice to renewal upon completion of such discovery, at which time appellant will be required to assemble, lay bare and reveal her proof to contradict the alleged admissions of the driver, recounted in the affidavit of plaintiff Reynisdottir, to the effect that the accident was the driver's fault (see *Bingham v Wells, Rich, Green*, 34 AD2d 924). Titone, J. P., O'Connor, Thompson and Bracken, JJ., concur.