■ IRA HOLT et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Defendant, and METRO INTERNATIONAL DISTRIBUTORS, INC., et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendants Metro International Distributors, Inc. and Joaquin Alvarez appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Hutcherson, J.), entered June 20, 1988, as, upon a jury verdict on the issue of fault only, is in favor of the plaintiffs and against them.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

On March 30, 1982, at approximately 1:45 P.M. the plaintiff Ira Holt was crossing the street at Broadway at or near its intersection with Lafayette Street in Brooklyn. Broadway is a

four-lane, two-way street which runs east and west. It has two parking lanes and two driving lanes and is approximately 60 feet wide. The record reflects that a city bus was located in the eastbound parking lane on Broadway discharging passengers at the time of the accident, and that traffic in the eastbound driving lane was stalled. A disinterested witness testified that he observed a white van owned by the defendant Metro International Distributors, Inc. and driven by their employee, the defendant Joaquin Alvarez, pull out of the eastbound driving lane and enter the westbound lane at a speed of 25 to 30 miles per hour.

The evidence adduced showed that the plaintiff Ira Holt started out from the corner of Broadway and Lafayette Street across Broadway. When he reached the center divider lane, he was looking only to his right to watch for oncoming westbound traffic. The defendant Alvarez admitted that, at the time of impact, the front of his van was in the opposite lane of traffic and his rear was "more or less on the right side and in the center."

The jury returned a verdict (1) that the appellants were negligent, (2) that their negligence was the proximate cause of the plaintiff Ira Holt's injuries, and (3) that there was no negligence on the part of Ira Holt.

We reject the appellants' arguments that the plaintiff Ira Holt was contributorily negligent as a matter of law or that the verdict was against the weight of the evidence. A jury verdict is not to be set aside unless the jury could not have reached its verdict upon any fair interpretation of the evidence, and contributory negligence is a jury question in all but the clearest cases (see, Wartels v County Asphalt, 29 NY2d 372; Rubin v Pecoraro, 141 AD2d 525; Nicastro v Park, 113 AD2d 129; Lopez v Precision Papers, 107 AD2d 667).

The court properly instructed the jury with respect to New York City Traffic Regulations § 41, since a factual question was presented as to whether the plaintiff Ira Holt was within an unmarked crosswalk at the time of the accident, particularly in light of the fact that Mr. Holt testified that he was standing at a corner prior to crossing the street. We have reviewed the appellants' remaining claims of error in the charge and find them to be either unpreserved for appellate review (CPLR 5501 [a]) or without merit. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.