■ ANNA B. PINCUS et al., Respondents, v RICHARD COHEN et al., Appellants. [604 NYS2d 139] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), entered July 17, 1991, as, upon granting the plaintiffs' motion pursuant to CPLR 4404, set aside, as against the weight of the evidence, a jury verdict in favor of the defendants on the issue of liability and granted the plaintiffs a new trial.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is undisputed that the defendants' vehicle skidded on a wet roadway and collided with the plaintiffs' vehicle, which

was stopped at a red traffic signal. At the trial, the defendants offered no evidence that their vehicle's brakes malfunctioned. Moreover, the defendants' papers in opposition to the motion to set aside the verdict conceded that it was not their contention that their vehicle's brakes malfunctioned, but only that the defendant driver lost control of the vehicle due to the wet roadway.

It is well settled that a rear-end collision with an automobile stopped for a red light creates an inference of negligence and a prima facie case of liability on the part of the operator of the offending vehicle (see, Young v City of New York, 113 AD2d 833, 833-834; O'Callaghan v Flitter, 112 AD2d 1030, 1031). A defense which only alleges that the defendant saw the plaintiff's vehicle at a red light, that the brakes of the vehicle were applied, but the vehicle nevertheless slid or skidded into the plaintiff's vehicle due to the wet condition of the roadway, has been held insufficient to rebut the inference of negligence created by the unexplained rear-end collision (see, Benyarko v Avis Rent A Car Sys., 162 AD2d 572, 573; Young v City of New York, supra). Since the defendants did not come forth with any defense of sudden or unavoidable circumstances which could have contributed to the happening of the accident, the verdict in favor of the defendants was properly set aside (see, O'Callaghan v Flitter, supra).

Furthermore, we find that the trial court committed error by instructing the jury on the emergency doctrine. An emergency instruction should not be given where, as here, the defendant driver should reasonably have anticipated and been prepared to deal with the situation with which she was confronted (see, McCarthy v Miller, 139 AD2d 500; Hardy v Sicuranza, 133 AD2d 138). Bracken, J. P., Balletta, Miller and Pizzuto, JJ., concur.