■ PATRICIA MARTIN et al., Respondents, v CITY OF NEW YORK et al., Appellants. [712 NYS2d 169] —In an action to recover damages for personal injuries the defendants appeal from a judgment of the Supreme Court, Queens County (Milano, J.), entered February 16, 1999, which, upon a jury verdict finding them 100% at fault in the happening of the accident and awarding (1) the plaintiff Patricia Martin, as guardian of Michael Martin, damages in the sum of $1,500,000 for past pain and suffering, $402,000 for past medical expenses, $180,000 for past loss of earnings, $1,000,000 for future pain and suffering, $1,000,000 for future home attendent services, $75,000 for future medical expenses, $25,000 for future therapy expenses, and $1,800,000 for future lost earnings, and upon granting that branch of the defendants' motion which was to reduce the award for past medical expenses from the sum of $402,000 to the sum of $352,000 and the award for past lost earnings from the sum of $180,000 to the sum of $169,000, is in favor of that plaintiff and against them, and (2) the plaintiff Virginia Caltabellotta damages in the sum of $1,000,000 for past pain and suffering, $33,000 for past lost earnings, $36,000 for past medical expenses, and $500,000 for future pain and suffering, and upon granting that branch of the defendants' motion which was to reduce the verdict for past lost earnings from the sum

of $33,000 to the sum of $25,420 and the award for past medical expenses from the sum of $36,000 to the sum of $0, is in favor of that plaintiff and against them.

Ordered that the judgment in favor of the plaintiff Patricia Martin, as guardian of Michael Martin, is modified, on the facts and as an exercise of discretion, by deleting the provisions thereof awarding damages to Michael Martin for past pain and suffering, future pain and suffering, future home attendent services, and future loss of earnings, and granting a new trial with respect to those items of damages; as so modified the judgment in favor of Patricia Martin, as guardian of Michael Martin, is affirmed, with costs to the appellants, unless within 30 days after service upon her of a copy of this decision and order with notice of entry, the plaintiff Patricia Martin, as guardian of Michael Martin, shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to (1) damages for past pain and suffering from the sum of $1,500,000 to the sum of $1,000,000, (2) damages for future pain and suffering from the sum of $1,000,000 to the sum of $750,000, (3) damages for future home attendent services from the sum of $1,000,000 to the sum of $851,040, and (4) damages for future loss of earnings from the sum of $1,800,000 to the sum of $675,000, and to the entry of an appropriate amended judgment in her favor; in the event that the plaintiff Patricia Martin, as guardian for Michael Martin, so stipulates then the judgment in her favor as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate amended judgment accordingly; and it is further,

Ordered that the judgment in favor of the plaintiff Virginia Caltabellotta, is modified, on the facts and as an exercise of discretion, by deleting the provisions thereof awarding damages to her for past pain and suffering and future pain and suffering, and granting a new trial with respect to those items of damages; as so modified the judgment in favor of Virginia Caltabellotta is affirmed, with costs to the appellants, unless within 30 days after service upon her of a copy of this decision and order with notice of entry, the plaintiff Virginia Caltabellotta shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to (1) damages for past pain and suffering from the sum of $1,000,000 to the sum of $600,000, and, (2) damages for future pain and suffering from the sum of $500,000 to the sum of $300,000, and to the entry of an ap-

propriate amended judgment in her favor; in the event that the plaintiff Virginia Caltabellotta so stipulates then the judgment in her favor as so reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for entry of an appropriate amended judgment accordingly.

The plaintiffs were injured when they were struck by a car as they attempted to cross a street in Queens. The car was driven by the defendant Frank P. Squillante and leased by the defendant City of New York. After the accident, the plaintiffs were transported to Elmhurst Hospital. The dissent is correct that the trial court erred in not admitting the complete hospital record pertaining to the plaintiff Michael Martin, including that portion setting forth his blood alcohol level. However, under the circumstances of this case, this error was harmless and does not require reversal (see, Pulitano v Suffolk Manor Caterers, 245 AD2d 279, 280; Flamio v State of New York, 132 AD2d 594). There was no evidence presented to show that Martin's alleged intoxication contributed to or caused this accident in any way. Indeed, the defendant stated that he did not even see the plaintiffs until his car struck them. Moreover, it is undisputed that the plaintiff Virginia Caltabellotta had not been drinking on the night in question and that she and Martin were walking together at the time the accident occurred. Caltabellotta also testified that Martin was not stumbling and was walking normally.

Contrary to the defendants' contention, the jury's findings on the issue of liability were not against the weight of the evidence (see, Holt v New York City Tr. Auth., 151 AD2d 460, 461; Nicastro v Park, 113 AD2d 129, 133). We also find that the court's charge to the jury dispelled any alleged prejudice to the defendants as a result of summation remarks made by counsel for Virginia Caltabellotta.

The damages awards deviate materially from what would be reasonable compensation to the extent indicated.

The defendants' remaining contentions are without merit. Santucci, J. P., Altman and Friedmann, JJ., concur.

McGinity, J., dissents and votes to reverse the judgment appealed from, on the law and the facts, and to direct a new trial as to both liability and damages, with costs to abide the event, with the following memorandum: On the evening of August 21, 1994, at approximately 9:30 P.M., the defendant Frank Squillante was driving his vehicle north on Grand Avenue in Queens, a two-way street with one lane in each direction. The plaintiffs Virginia Caltabellotta and Michael Martin were at-

tempting to cross the street from west to east in a diagonal path, from between parked cars and outside the crosswalk. When they reached the northbound lane they were struck by Squillante's vehicle.

The plaintiffs had been attending an event at a local American Legion Hall. Caltabellotta testified that she arrived sometime between 2:00 P.M. and 2:30 P.M. (some seven hours before the accident). Caltabellotta stated that Martin was already at the hall when she arrived, although she did not know when he arrived. Caltabellotta testified that she did not drink any alcohol during the event but she saw Martin with a cup that she assumed contained beer. She did not know how many cups he consumed.

At about 9:15 P.M. Caltabellotta and Martin left the hall to retrieve some clothing Caltabellotta had in the trunk of her car which was parked across the street from the hall. Caltabellotta testified that because of the rain, she and Martin crossed the street in the middle of the block without using the crosswalk. She testified that before recrossing the street to return to the hall she looked both ways a few times and saw no lights or cars approaching. She remembered crossing the double yellow line and then nothing thereafter.

Martin could not recall any details of the incident, because he suffers from retrograde amnesia as a result of the accident.

Squillante testified that it was foggy, with a mild to heavy rain falling at the time of the accident and that he did not see the plaintiffs before the impact. Squillante stated that he was traveling in the middle of his lane and that no part of his vehicle was over the yellow dividing line when the impact occurred.

At trial, a certified copy of Martin's hospital record was admitted into evidence at the behest of his counsel, with a request to redact that portion of the hospital record pertaining to Martin's blood alcohol level. The defendants attempted to introduce portions of Martin's hospital record which indicated that he had a blood alcohol level of .374 at the time of his admission to the hospital. The trial court excluded that portion of the hospital record relating to Martin's blood alcohol level stating, *inter alia*, that it would be sheer speculation to allow the jury to infer that Martin's blood alcohol level affected his ability to ambulate and that he needed assistance in crossing the street, and that these factors were a proximate cause of the accident.

Ultimately, the jury found the defendants 100% at fault in the happening of the accident, with no comparative negligence assessed against the plaintiffs. The defendants contend that

Martin's complete certified hospital record was admissible under CPLR 4518 (c) and that the Supreme Court erred in precluding its admission. In my view, this assertion is correct and there should be a reversal and a new trial.

The results of Martin's blood alcohol test, taken for the purposes of treatment and diagnosis, as set forth in a certified hospital record, were admissible pursuant to CPLR 4518 (c) as prima facie evidence of Martin's blood alcohol level (*see, Cleary v City of New York,* 234 AD2d 411; *Maxcy v County of Putnam,* 178 AD2d 729; *LaDuke v State Farm Ins. Co.,* 158 AD2d 137). The jury, in evaluating the conduct of the plaintiffs in crossing the street outside the crosswalk was entitled to consider Martin's blood alcohol level in assessing the comparative negligence of both plaintiffs. The defendants were prepared to offer scientific proof from a toxicologist regarding the effect that Martin's blood alcohol level had on his ability to ambulate. Accordingly, it was error to deny the defendants' request to admit the blood alcohol test result and a new trial is required.

This error was exacerbated when the trial court denied the defendants' motion for a mistrial. In summation, the counsel for the plaintiff Virginia Caltabellotta made persistent comments regarding a purported delay by the police officer investigating the accident in administering a breathalyzer test to the defendant Frank P. Squillante, a captain in the New York City Corrections Department, intimating that not only had Squillante received favorable treatment from the police but also that he had been drinking prior to the accident. In fact, the breathalyzer test given to Squillante revealed that he did not have even a trace of alcohol in his blood. Given that the court had already excluded evidence regarding the fact that the plaintiff Michael Martin had been drinking on the day of the accident, in my view, these comments were inflammatory and prejudiced the defendants (*cf., Torrado v Lutheran Med. Ctr.,* 198 AD2d 346, 347; *Vassura v Taylor,* 117 AD2d 798). Since there was direct evidence that Martin was drinking prior to the accident, and in light of the trial court's error in precluding the defendants from introducing evidence of Martin's blood alcohol level, counsel's comments so contaminated the proceedings that a new trial is required. The independent evidence regarding Martin's blood alcohol level was crucial to the defendants' case because Martin could not be cross-examined concerning his alcohol intake during the hours preceding the accident since he was suffering from retrograde amnesia. In my view, the court's charge to the jury not to consider Martin's use of alcohol and that there was no evidence that Squillante

had used alcohol prior to the accident did not sufficiently cure the prejudicial effects of counsel's comments.

Accordingly, a new trial is required as to both liability and damages.