■ Jennifer Frank, Respondent, v Five Towns College, Appellant. [724 NYS2d 175] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Westchester County (Fredman, J.), dated October 20, 1999, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $492,000.

Ordered that the appeal from so much of the judgment as awarded damages is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The defendant made a motion pursuant to CPLR 4404 to vacate the judgment with respect to damages only. The

Supreme Court denied the motion in an order dated August 17, 1999. On September 9, 1999, the defendant filed a notice of appeal from that order and on November 23, 1999, it filed a notice of appeal from the judgment dated October 20, 1999. By decision and order dated June 13, 2000, this Court dismissed as abandoned the appeal from the order based upon the defendant's failure to perfect same (*see,* 22 NYCRR 670.8 [e]). On June 22, 2000, the defendant perfected the appeal from the judgment.

The appeal from so much of the judgment as awarded damages is dismissed based upon the principle articulated in *Bray v Cox* (38 NY2d 350, 353). Since the dismissal of the appeal from the order dated August 17, 1999, for want of prosecution constitutes an adjudication on the merits with respect to all issues which could have been reviewed therein, the defendant is precluded from obtaining appellate review of those issues at this time (*see, Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750, *Kimble v Caraballo,* 243 AD2d 610; *Brosnan v Behette,* 243 AD2d 524).

We reject the defendant's argument that the verdict as to liability should be set aside because it had no duty to warn the plaintiff of the defective window which caused her injuries. An "assumed duty" or a "duty to go forward" may arise once a person undertakes a certain course of conduct upon which another relies (*Heard v City of New York,* 82 NY2d 66, 71; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507). The defendant assumed a responsibility for any problems that arose as a result of the off-campus housing it arranged for its students and the plaintiff relied thereon. Consequently, the defendant owed a duty to the plaintiff.

Contrary to the defendant's contention, the evidence presented at trial supports the jury's determination that the plaintiff was not comparatively negligent (*see, Holt v New York City Tr. Auth.,* 151 AD2d 460; *see also, Nicastro v Park,* 113 AD2d 129). Krausman, J. P., S. Miller, McGinity and Feuerstein, JJ., concur.