■ MARTIZA C. GARCIA et al., Appellants, v CATHERINE A. HAZEL et al., Respondents. [731 NYS2d 211] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Thomas, J.), dated July 17, 2000, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

A rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the moving vehicle and imposes a duty on him or her to explain how the accident occurred (*see, Leal v Wolff,* 224 AD2d 392; *Gambino v City of New York,* 205 AD2d 583). If the operator of the moving vehicle cannot come forward with any evidence to rebut the inference of negligence, the plaintiff may properly be awarded judgment as a matter of law (*see, Mendiolaza v Novinski,* 268 AD2d 462; *Leal v Wolff, supra*).

Here, the defendants alleged only that the defendant operator of the moving vehicle saw the plaintiffs' vehicle stopped at a red light and applied his brakes, but his vehicle nevertheless skidded into the plaintiffs' vehicle due to the wet condition of the roadway. This is not a sufficient defense to rebut the inference of negligence (*see, Schmidt v Edelman,* 263 AD2d 502; *Hurley v Cavitolo,* 239 AD2d 559; *Pincus v Cohen,* 198 AD2d 405; *Young v City of New York,* 113 AD2d 833). Thus, the plaintiffs were entitled to summary judgment on the issue of liability. Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.