■ ELLEN KOSINSKI, Respondent, v ELIZABETH SAYERS et al., Appellants. [743 NYS2d 124] —In an action to recover damages for personal injuries, the defendants appeal from an order of

the Supreme Court, Westchester County (Molea, J.), dated February 27, 2001, which granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside a jury verdict on the issue of liability in favor of the defendants and direct that judgment be entered in her favor as a matter of law.

Ordered that the order is affirmed, with costs.

While stopped at a red light, the minivan school bus operated by the plaintiff was struck in the rear by the defendants' vehicle. The defendant driver of that vehicle testified at trial that she saw the stopped school bus and applied her brakes, but her vehicle nevertheless slid into the rear of the plaintiff's bus because of a wet roadway.

It is well settled that a rear end collision with an automobile stopped for a red light creates "an inference of negligence and a prima facie case of liability" on the part of the operator of the moving vehicle (*Pincus v Cohen,* 198 AD2d 405, 406), and imposes upon her or him a duty to explain how the collision occurred (*see Leal v Wolff,* 224 AD2d 392; *Gambino v City of New York,* 205 AD2d 583). Here, the explanation of the defendant driver regarding the happening of the accident was insufficient to rebut the inference of her negligence created by the instant collision (*see Schmidt v Edelman,* 263 AD2d 502, 503; *Pincus v Cohen, supra* at 406).

Accordingly, the Supreme Court properly granted the plaintiff's motion to set aside the jury verdict of the issue of liability in favor of the defendants and to direct judgment in her favor (*see Nicastro v Park,* 113 AD2d 129). Smith, J.P., O'Brien, McGinity and Townes, JJ., concur.