■ SPYROS KARAKOSTAS, Respondent, v AVIS RENT A CAR SYSTEMS, Appellant, et al., Defendants. [756 NYS2d 61] —In an action to recover damages for personal injuries, the defendant Avis Rent A Car Systems appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated February 6, 2002, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

In support of his motion for summary judgment, the plaintiff produced evidence that he had stopped his vehicle in response to a police roadblock, and that his vehicle was then struck in the rear by one operated by the appellant's permissive driver, Yves M. Joseph. Under these circumstances, the appellant was obligated to submit evidentiary proof in admissible form tending to establish a nonnegligent explanation for the collision (see Vehicle and Traffic Law § 1129 [a]; *Barberena v Budd Enters.*, 299 AD2d 305; *Krakowska v Niksa*, 298 AD2d 561; *Vidal v Tsitsiashvili*, 297 AD2d 638; *Garcia v Hazel*, 287 AD2d 481; *Leal v Wolff*, 224 AD2d 392; *Young v City of New York*, 113 AD2d 833). The appellant, which submitted no more than an affirmation of an attorney who had no personal knowledge of the facts, failed to meet its burden in this respect.

Contrary to the appellant's contention, the provisions of

CPLR 3212 (f) do not warrant denial of the plaintiff's motion based on defense counsel's speculation that further discovery might somehow lead to proof tending to demonstrate comparative negligence on the part of the plaintiff, either in connection with a violation of Vehicle and Traffic Law § 1201 or otherwise (*see Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152; *Auerbach v Bennett*, 47 NY2d 619, 636; *Vidal v Tsitsiashvili, supra*; *Morissaint v Raemar Corp.*, 271 AD2d 586; *Citibank v Furlong*, 81 AD2d 803). The case of *Johannsdottir v Kohn* (90 AD2d 842), relied upon by the appellant, is distinguishable.

During the approximately one-year period between the date of the accident and the date of the motion now under review, the appellant had an opportunity to conduct an investigation of the underlying facts. If no such investigation was possible, or if Mr. Joseph was unavailable or unwilling to cooperate, then the appellant should have submitted an affidavit of a person with knowledge of those circumstances. Instead, the appellant relied upon the conclusory affirmation of counsel with no personal knowledge.

Thus, the record compels the conclusion that, if the appellant is as ignorant of the facts of the accident as its attorney now asserts, this was the result of its "own voluntary inaction" (*Johannsdottir v Kohn, supra* at 843). "Summary judgment may not be defeated on the ground that more discovery is needed, where * * * the side advancing such argument has failed to ascertain the facts due to its own inaction" (*Meath v Mishrick*, 68 NY2d 992, 994, quoted in *Franklin v Dormitory Auth. of State of N.Y.*, 291 AD2d 854).

For these reasons, the order appealed from should be affirmed. Altman, J.P., S. Miller, Adams and Mastro, JJ., concur.