(March 31, 2003)

■ MIKHAIL ABRAMOV et al., Respondents, v HERMAN CAMPBELL, Appellant. [757 NYS2d 100] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Glover, J.), dated October 24, 2002, which granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

When a defendant operates a vehicle that strikes another ve-

hicle in the rear, the defendant is subject to a presumption that he or she was negligent in failing to keep a safe distance between the vehicles, although such presumption may be overcome by the presentation of evidence sufficient to rebut the inference of negligence (*see Karakostas v Avis Rent A Car Sys.,* 301 AD2d 632 [2003]; *Reed v New York City Tr. Auth.,* 299 AD2d 330 [2002]; *Leal v Wolff,* 224 AD2d 392 [1996]). Further, a question of fact as to whether a plaintiff driver's comparative negligence may have contributed to an accident will preclude summary judgment on the issue of liability in favor of the plaintiff (*see Bodner v Greenwald,* 296 AD2d 564 [2002]). Here, in response to the plaintiffs' prima facie establishment of entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]), the defendant failed to raise a triable issue of fact that the injured plaintiff's operation of his vehicle contributed to the occurrence of the accident (*see Davis v Quinones,* 295 AD2d 394 [2002]; *Reed v New York City Tr. Auth., supra*). Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of liability. Santucci, J.P., Smith, Luciano and Cozier, JJ., concur.