■ CATHERINE M. HART et al., Appellants, v TOWN OF NORTH CASTLE et al., Respondents. [759 NYS2d 185] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Spolzino, J.), entered August 19, 2002, which, upon the denial of their motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of evidence, and upon a jury verdict, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the motion is granted, the plaintiffs are awarded judgment as a matter of law on the issue of liability, and the matter is remitted to the Supreme Court, Westchester County, for a trial on the issue of damages.

In this motor vehicle accident case, it is undisputed that a pickup truck owned by the defendant Town of North Castle and driven by the defendant Michael Giaccio collided with the back end of a stopped automobile being operated by the plaintiff Catherine M. Hart. At the time of the collision, Hart's automobile was behind another automobile, and both automobiles were waiting to make left turns into the parking lot of a bank. Giaccio contended that as he was making a right turn just before the collision, his attention was momentarily diverted from the road in front of him by the sudden appearance of a pedestrian "stepping off the curb" in the crosswalk at the corner to his right. At trial, Giaccio testified that he was looking to his right at the pedestrian, rather than ahead at the traffic, because he thought the pedestrian was going to walk out into traffic.

A rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the moving vehicle (*see McGregor v Manzo,* 295 AD2d 487 [2002]; *Kosinski v Sayers,* 294 AD2d 407, 408 [2002]; *McKeough v Rogak,* 288 AD2d 196, 197 [2001]; *Garcia v Hazel,* 287 AD2d 481, 482 [2001]; *Leal v Wolff,* 224 AD2d 392, 393 [1996]; *Pincus v Cohen,* 198 AD2d 405, 408 [1993]; *cf. Santanastasio v Doe,* 301 AD2d 511 [2003]). The defendants failed to offer evidence sufficient to rebut the "inference of negligence created by the unexplained rear-end collision" (*Pincus v Cohen, supra* at 406; *see Leal v Wolff, supra*). Consequently, the Supreme Court should have granted the plaintiffs' motion for judgment as a

matter of law after the close of evidence (*see* CPLR 4401; *Abramowicz v Roberto,* 220 AD2d 374 [1995]).

No reasonable view of the evidence supports the defendants' contention that the appearance of the pedestrian at the curb in or near the crosswalk was a sudden and unforeseen emergency (*see Caristo v Sanzone,* 96 NY2d 172, 175 [2001]). The appearance at the crosswalk of a pedestrian intending to cross the street was a situation Giaccio should have anticipated, and one he should have been prepared to deal with as he made a right turn at the intersection (*compare Pincus v Cohen, supra, with Ferrer v Harris,* 55 NY2d 285, 289-290 [1982], *and Coleman v Pizza Hut of Am.,* 235 AD2d 451 [1997]). The Supreme Court erred in submitting the case to the jury under an instruction to apply the law applicable to an emergency situation (*see Caristo v Sanzone, supra*). Florio, J.P., Schmidt, Townes and Crane, JJ., concur.