■ DEBORAH GRAVAGNA et al., Appellants, v LOUISE GREENE, Respondent. [764 NYS2d 719] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Schmidt, J.), dated August 5, 2002, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The plaintiffs' motion was supported by evidence that the plaintiff Deborah Gravagna stopped her car at a stop sign and remained in that position for "maybe a minute" before her car was struck in the rear by a car driven by the defendant Louise Greene. Asked at her deposition whether she observed Ms. Gravagna's vehicle prior to the impact, Greene replied, "I don't think so." By the submission of this and other evidence, the plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law on the issue of liability based on the defendant's failure to abide by the Vehicle and Traffic Law § 1129 (a) (following too closely) (*see Belitsis v Airborne Express Frgt. Corp.,* 306 AD2d 507, 508 [2003]; *Abramov v Campbell,* 303 AD2d 697 [2003]; *Karakostas v Avis Rent A Car Sys.,* 301 AD2d 632 [2003]; *Krakowska v Niksa,* 298 AD2d 561 [2002]; *Vidal v Tsitsiashvili,* 297 AD2d 638 [2002]). The defendant failed to submit any evidence demonstrating the existence of a triable issue of fact as to her negligence, or as to any possible comparative negligence on the part of the injured plaintiff (*see Abramov v Campbell, supra* at 698; *cf. Chepel v Meyers,* 306

AD2d 235, 237 [2003]). Ritter, J.P., Goldstein, McGinity and Crane, JJ., concur.