■ ALBERT NASSOUR, Respondent, v CITY OF NEW YORK, Appellant. [828 NYS2d 110]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Harkavy, J.), dated November 23, 2004, which, upon a jury verdict on the issue of liability finding the defendant 100% at fault in the happening of the accident, and a jury verdict on the issue of damages finding that the plaintiff sustained damages in the principal sums of $33,213.69 for medical expenses, $437,432 for loss of earnings, $6,016 for loss of retirement benefits, $800,000 for past pain and suffering, $11,645 for future medical expenses, $918,079.16 for future loss of earnings, $1,052,781 for future loss of retirement benefits, and $1,712,500 for future pain and suffering, and upon the denial of its motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence and for a new trial, is in favor of the plaintiff and against it.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding damages in the principal sums of $800,000 for past pain and suffering and $1,712,500 for future pain and suffering, and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs payable to the defendant, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the sum of $800,000 to the sum of $500,000, and for future pain and suffering from the sum of $1,712,500 to the sum of $1,000,000, and to the entry of an amended judgment accordingly; in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The plaintiff, while working for the New York City Sanitation Department, fell after stepping into a pothole in a parking lot owned by the defendant City of New York. At the time of the accident, the parking lot was dark and was covered with water due to rain. The plaintiff tore the medial miniscus cartilage in his knee and, as a result, received arthroscopic surgery and a high tibial ostemotomy. Following the high tibial osteotomy, the plaintiff experienced pain, burning and numbness in his right foot, which was diagnosed as reflex sympathetic dystrophy (hereinafter RSD). The plaintiff's RSD was permanent and chronic.

A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached its verdict upon any fair interpretation of the evidence (*see Holt v New York City Tr. Auth.*, 151 AD2d 460, 461 [1989]; *Nicastro v Park*, 113 AD2d 129, 132-134 [1985]). Here, a fair basis existed for the jury verdict finding the defendant 100% at fault and the plaintiff not negligent (*see Holt v New York City Tr. Auth., supra; Frank v Five Towns Coll.*, 282 AD2d 648 [2001]; *Martin v City of New York*, 275 AD2d 351 [2000]; *Nicastro v Park, supra*).

However, the damages awarded to the plaintiff for past and future pain and suffering are excessive to the extent indicated as they deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Brown v City of New York*, 309 AD2d 778 [2003]; *Jones v Davis*, 307 AD2d 494 [2003]; *Valentine v Lopez*, 283 AD2d 739 [2001]). Santucci, J.P., Goldstein, Skelos and Lifson, JJ., concur.