In an action to recover damages for personal injuries, etc., the defendant E-J Electric Installation Co. appeals and the defendant United Rentals, Inc., separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated July 10, 2007, as granted those branches of the plaintiffs’ motion which were for summary judgment on the issue of liability insofar as asserted against each of them.
Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the plaintiffs’ motion which were for summary judgment on the issue of liability insofar as asserted against the defendants E-J Electric Installation Co. and United Rentals, Inc., are denied.
The plaintiff Joseph Karash (hereinafter Karash) testified at his deposition that, at the time of the subject accident, he was operating a box truck. He asserted that he brought his box truck to a complete stop at a red traffic light, when a truck operated by the defendant Bukky M. Adetunji passed him on the left and attempted to make a left turn, causing the right side of Adetunji’s truck to collide with the front left wheel of the box truck.
In the instant case, the evidence submitted by the plaintiffs established, prima facie, that Karash was not negligent, and that the appellants’ negligence caused the accident. In opposition, however, the appellants raised a triable issue of fact as to *727 whether Karash was trying to “overtake and pass” their vehicle on the right side and whether he contributed to the accident (see Vehicle and Traffic Law § 1123 [b]; White v Diaz, 49 AD3d 134 [2008]). Where comparative negligence may have contributed to an accident, summary judgment will be precluded (see Hopkins v Haber, 39 AD3d 471 [2007]; Abramov v Campbell, 303 AD2d 697 [2003]).
Under these circumstances, the Supreme Court erred in granting those branches of the plaintiffs’ motion which were for summary judgment on the issue of liability insofar as asserted against each of the appellants. Spolzino, J.P., Angiolillo, Dickerson and Belen, JJ., concur.