■ Antonina Yavkina, Appellant, v New York City Police Department et al., Respondents. (And a Third-Party Action.) [922 NYS2d 787]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Miller, J.), dated February 8, 2010, which, upon an order of the same court dated January 25, 2010, granting the motion of the defendants for summary judgment dismissing the complaint, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

" '[T]he emergency doctrine holds that those faced with a sudden and unexpected circumstance, not of their own making, that leaves them with little or no time for reflection or reasonably causes them to be so disturbed that they are compelled to make a quick decision without weighing alternative courses of conduct, may not be negligent if their actions are reasonable and prudent in the context of the emergency' " (*Evans v Bosl*, 75 AD3d 491, 492 [2010], quoting *Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60 [2004]; *see Miloscia v New York City Bd. of*

*Educ.*, 70 AD3d 904, 905 [2010]; *Vitale v Levine*, 44 AD3d 935, 936 [2007]). Here, the defendants established their prima facie entitlement to judgment as a matter of law. In support of their motion, they submitted evidence that established that, on the date of the subject accident, when the plaintiff walked into the street from in front of a double-parked truck, the defendant Michael J. Santore was confronted with a sudden and unexpected circumstance not of his own making and that, under the circumstances, his actions were reasonable and prudent in the context of that emergency (*see Fawcett v Suffolk Transp. Serv., Inc.*, 55 AD3d 535 [2008]; *Afghani v Metropolitan Suburban Bus Auth.*, 45 AD3d 511, 512 [2007]; *Sheppeard v Murci*, 306 AD2d 268 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Fawcett v Suffolk Transp. Serv., Inc.*, 55 AD3d at 536; *Williams v Econ*, 221 AD2d 429 [1995]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Angiolillo, J.P., Balkin, Leventhal and Sgroi, JJ., concur.