■ JEAN DELVA, Individually and as Natural Guardian of ANTHONY DELVA, an Infant, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [998 NYS2d 208]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated January 31, 2013, which, after a jury verdict in favor of the plaintiff and against them on the issue of liability, denied their motion pursuant to CPLR 4404 (a) to set aside the verdict.

Ordered that the order is affirmed, with costs.

Anthony Delva, then 14 years old, was struck by a New York City Transit Authority bus while he was crossing at the intersection of Nostrand Avenue and Avenue H in Brooklyn. Anthony's father, on behalf of Anthony and on his own behalf, commenced this action against the defendants to recover damages, inter alia, for personal injuries. After a trial, the jury returned a verdict in favor of the plaintiff and against the defendants on the issue of liability.

The defendants contend that the Supreme Court erred in refusing to charge the jury as to the "emergency doctrine." Under that doctrine, "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]; *see Caristo v Sanzone*, 96 NY2d 172, 175 [2001]; *Jablonski v Jakaitis*, 85 AD3d 969, 970 [2011]). However, an instruction on the emergency doctrine should not be given where the defendant driver should reasonably have

anticipated and been prepared to deal with the situation with which he or she was confronted (*see Lamuraglia v New York City Tr. Auth.*, 299 AD2d 321 [2002]; *Pincus v Cohen*, 198 AD2d 405, 406 [1993]). Here, the record demonstrates that Anthony's presence in the crosswalk should reasonably have been anticipated in that it was neither sudden nor unexpected under the circumstances (*see Hart v Town of N. Castle*, 305 AD2d 543 [2003]).

Further, the Supreme Court did not err in admitting the record of the criminal conviction of the bus driver, the defendant Kevin A. Clemons. Since Clemons was not able to personally testify at the trial because he was incarcerated in New Jersey, excerpts of his examination before trial and testimony at a prior trial were read into the record. Pursuant to CPLR 4513, since Clemons was not present at the trial to be questioned about his 2012 New Jersey conviction for possession of a firearm, which was relevant to his credibility, the Supreme Court properly admitted into evidence the record of his conviction (*see Sansevere v United Parcel Serv.*, 181 AD2d 521 [1992]).

The defendants called Police Sergeant Armando Insigne, who had investigated the accident and created a police report, to testify at the trial as their witness. When Sergeant Insigne was not able to independently recall, even upon efforts to refresh his recollection, his conversation with Anthony Delva at the scene of the accident, the defendants sought leave to read his testimony from a prior trial into the record. Since Sergeant Insigne was not adverse or hostile to the defendants, the Supreme Court did not err in refusing to permit the defendants to impeach Sergeant Insigne by reading his prior trial testimony into the record (*cf. Ferri v Ferri*, 60 AD3d 625 [2009]; *Cammarota v Drake*, 285 AD2d 919 [2001]).

While the Supreme Court erred in redacting from a bus dispatcher's accident report certain statements about the color of the traffic signal allegedly made by Anthony Delva to the dispatcher after the accident (*see* CPLR 4518), the error was harmless, because, among other things, the redacted statement was equivocal (*see Martin v City of New York*, 275 AD2d 351, 353 [2000]; *cf. Bayne v City of New York*, 29 AD3d 924 [2006]; *Matter of State Farm Mut. Auto. Ins. Co. v Bermudez*, 111 AD2d 858 [1985]).

Finally, the record does not support the defendants' contention that the Supreme Court was biased against them or that the court's bias, if any, "unjustly affected the result to [their] detriment" (*Matter of Davis v Pignataro*, 97 AD3d 677, 678 [2012] [internal quotation marks omitted]; *see Richardson v*

*City of New York*, 109 AD3d 808 [2013]; *Fekry v New York City Tr. Auth.*, 75 AD3d 616 [2010]).

The defendants' remaining contentions do not require reversal. Balkin, J.P., Hall, Austin and Barros, JJ., concur.