Allen v New York City Tr. Auth. (2021 NY Slip Op 01737)





Allen v New York City Tr. Auth.


2021 NY Slip Op 01737


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-04640
 (Index No. 509359/14)

[*1]Bradford Allen, respondent, 
v
New York City Transit Authority, et al., appellants.


Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellants.
Sonin & Genis (Alexander J. Wulwick, New York, NY, of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated March 6, 2018. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 16, 2013, at about 11:46 a.m., the plaintiff allegedly was crossing a street within an unmarked crosswalk when he was struck by a bus owned by the defendant New York City Transit Authority and operated by the defendant Cordova Williams (hereinafter the bus driver). The plaintiff subsequently commenced this personal injury action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending, inter alia, that the bus driver was faced with an emergency situation not of his own making when the plaintiff stepped out from behind a vehicle, which was double parked in the opposite lane of traffic, into the path of the bus. The Supreme Court, among other things, denied their motion. The defendants appeal.
Under the emergency doctrine, "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (Rivera v New York City Tr. Auth., 77 NY2d 322, 327; see Delva v New York City Tr. Auth., 123 AD3d 653; Garcia v Stewart, 120 AD3d 1298; Yavkina v New York City Police Dept., 84 AD3d 791). Here, the defendants failed to establish, prima facie, that the bus driver was faced with an emergency situation not of his own making (see generally Rivera v New York City Tr. Auth., 77 NY2d 322; Delva v New York City Tr. Auth., 123 AD3d at 654; Santos-Lopez v Metropolitan Tr. Auth., 85 AD3d 512, 513; Hart v Town of N. Castle, 305 AD2d 543, 544). Viewing the evidence in the light most favorable to the plaintiff, a jury should decide whether the plaintiff's presence in the unmarked crosswalk should reasonably have been anticipated or whether it was sudden or unexpected under the circumstances.
Since the defendants failed to meet their initial burden as the movants, it is not [*2]necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.
We decline the plaintiff's request to search the record and award summary judgment in his favor on the issue of whether he sustained serious injuries within the meaning of Insurance Law § 5102(d) as a result of the accident.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court