Blake v New York City Tr. Auth. (2023 NY Slip Op 03447)

Blake v New York City Tr. Auth.

2023 NY Slip Op 03447

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2018-07624
 (Index No. 503199/13)

[*1]Stacy A. Blake, plaintiff-respondent,
v
New York City Transit Authority, et al., appellants, Armando Williams, et al., defendants-respondents.

Anna J. Ervolina, Brooklyn, NY (Harriet Wong of counsel), for appellants.
Subin Associates, LLP, New York, NY (Robert J. Eisen and Pollack Pollack Isaac & DeCicco, LLP [Kelly Breslauer], of counsel), for plaintiff-respondent.
Jennifer S. Adams, Yonkers, NY (Joan A. Reyes of counsel), for defendants-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants New York City Transit Authority and Terrence C. Canty appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated April 20, 2018. The order denied the motion of those defendants for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff allegedly was injured while a passenger on a bus owned by the defendant New York City Transit Authority and operated by the defendant Terrence C. Canty (hereinafter together the Transit defendants). At the time of the incident, the bus was merging from a bus stop into a lane of traffic when a vehicle owned by the defendant Armando Williams and operated by the defendant Jessenia Lopez allegedly merged into the same lane of traffic in front of the bus. Canty applied the brakes, but the bus allegedly made contact with the vehicle operated by Lopez. The plaintiff, who had been seated on the bus, struck the rail and seat in front of her when the bus came to the sudden stop.
The plaintiff subsequently commenced this action to recover damages for personal injuries. The Transit defendants moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them, contending, inter alia, that they were not negligent under the emergency doctrine. By order dated April 20, 2018, the Supreme Court denied the motion, and the Transit defendants appeal.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Mohammed v City of New York, 206 AD3d 988, 989). "There can be more than one proximate cause of an accident, and [g]enerally, it is for the [*2]trier of fact to determine the issue of proximate cause" (Welch v Suffolk Coach, Inc., 162 AD3d 1097, 1097 [citations and internal quotation marks omitted]; see M.M.T. v Relyea, 177 AD3d 1013). "Pursuant to the emergency doctrine, a driver faced with a sudden and unexpected circumstance, not of the driver's own making, that leaves little or no time for reflection or causes that driver to be reasonably so disturbed as to compel a quick decision without weighing alternative courses of conduct, may not be negligent if the actions taken are reasonable and prudent in the context of the emergency" (Welch v Suffolk Coach, Inc., 162 AD3d at 1097-1098; see Mohammed v City of New York, 206 AD3d at 989). However, "where the claimed emergency resulted from a defendant's own actions . . . it will not qualify as an emergency under the emergency doctrine" (Freder v Costello Indus., Inc., 162 AD3d 984, 986; see Mohammed v City of New York, 206 AD3d at 990). Generally, the questions of the existence of an emergency and the reasonableness of the response to it are issues for the trier of fact (see Mohammed v City of New York, 206 AD3d at 990; Liang-Ying Ren v "John Doe", 175 AD3d 480, 481).
Here, the evidence submitted by the Transit defendants failed to eliminate triable issues of fact as to whether Canty exercised reasonable care to avoid the accident and whether his actions were a proximate cause of the accident (see Mohammed v City of New York, 206 AD3d at 989). The Transit defendants also failed to establish, prima facie, that Canty was faced with an emergency situation not of his own making (see Fergile v Payne, 202 AD3d 928, 931; Allen v New York City Tr. Auth., 192 AD3d 951, 952; cf. Weber v Monsey New Sq. Trails Corp., 191 AD3d 929). Since the Transit defendants failed to meet their prima facie burden, the Supreme Court properly denied their motion for summary judgment, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., BRATHWAITE NELSON, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court