Leslie v Marinello (2025 NY Slip Op 06052)

Leslie v Marinello

2025 NY Slip Op 06052

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-01038
 (Index No. 709345/20)

[*1]Cassondra Leslie, appellant, 
v
Jennifer Marinello, et al., respondents.

Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Jillian Rosen, and Michael H. Zhu], of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Deborah A. Brenner and Elina Druker of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered December 4, 2023. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against the defendants City of New York and Jennifer Marinello.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against the defendants City of New York and Jennifer Marinello is denied.
The plaintiff commenced this action against the defendants to recover damages for personal injuries she alleged she sustained when she was struck by an ambulance owned by the defendant New York City Fire Department and operated by the defendant Jennifer Marinello, while crossing the street at the intersection of Beach 26th Street and Seagirt Boulevard in Far Rockaway. The defendants moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against the defendant City of New York and Marinello. The plaintiff opposed. In an order entered December 4, 2023, the Supreme Court, among other things, granted that branch of the defendants' motion.
"A 'defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (Alterisio v Rodriguez, 228 AD3d 712, 712, quoting Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Mehta v Keaveney, 216 AD3d 635, 635). "There can be more than one proximate cause of an accident, and [g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Mehta v Keaveney, 216 AD3d at 636 [citation and internal quotation marks omitted]; see Fergile v Payne, 202 AD3d 928, 930). "'A driver is negligent where he or she failed to see that which, through proper use of his or her senses, the driver should have seen'" (Mehta v Keaveney, 216 AD3d at 635, quoting Shuofang Yang v Sanacore, 202 AD3d 1120, 1122; see Alterisio v Rodriguez, 228 AD3d at 712). Where there is conflicting evidence concerning, inter alia, the color of the pedestrian [*2]walk signal, whether a driver was driving faster than the speed limit, or whether a driver had an unobstructed view of a pedestrian crossing the street in the crosswalk, there are issues of fact to be determined at trial (see Hartell v Shaukat, 227 AD3d 963, 965; Leathers v Approved Oil Co. of Brooklyn, Inc., 212 AD3d 482, 482).
Here, the defendants failed to demonstrate, prima facie, that Marinello was not at fault in the happening of the collision. The record failed to eliminate triable issues of fact as to whether Marinello failed to exercise due care by failing to see that which, through the proper use of her senses, she should have seen and whether she used reasonable care to avoid colliding with the plaintiff (see Fergile v Payne, 202 AD3d at 930; Tapia v Royal Tours Serv., Inc., 67 AD3d 894, 896).
The defendants also failed to demonstrate, prima facie, their entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against the City and Marinello based upon the emergency doctrine. "Pursuant to the emergency doctrine, a driver faced with a sudden and unexpected circumstance, not of the driver's own making, that leaves little or no time for reflection or causes that driver to be reasonably so disturbed as to compel a quick decision without weighing alternative courses of conduct, may not be negligent if the actions taken are reasonable and prudent in the context of the emergency" (Welch v Suffolk Coach, Inc., 162 AD3d 1097, 1097-1098; see Hernandez v Flores, 226 AD3d 982, 983). "[B]oth the existence of an emergency and the reasonableness of a party's response to it generally present issues of fact" (Fergile v Payne, 202 AD3d at 931 [internal quotation marks omitted]; see Pappas v New York City Tr. Auth., 208 AD3d 890, 891).
Here, the evidence failed to eliminate the existence of triable issues of fact as to whether Marinello's actions contributed to or caused the emergency, in light of, among other things, her failure to observe the plaintiff earlier (see Fergile v Payne, 202 AD3d at 931). Moreover, a jury should decide whether the plaintiff's presence in the crosswalk should reasonably have been anticipated or whether it was sudden or unexpected under the circumstances (see Allen v New York City Tr. Auth., 192 AD3d 951, 952).
Since the defendants failed to meet their initial burden as the movants, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against the City and Marinello.
DUFFY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court