■ EDWARD G. O'CALLAGHAN et al., Appellants, v RUTH FLITTER, Respondent.—In a negligence action to recover dam-

ages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Westchester County (Ferraro, J.), dated October 5, 1984, which denied their motion for partial summary judgment on the issue of liability and for an assessment of damages.

Order reversed, on the law, with costs, motion granted, and matter remitted to the Supreme Court, Westchester County, for an assessment of damages.

Defendant hit plaintiffs' parked car from the rear, and admittedly "pushed the trunk lid in". At the time, the car was parked at a pickup point outside a supermarket, where the plaintiff driver was waiting for his wife to come out of the store. By demonstrating the foregoing, plaintiffs created a prima facie case of liability on the part of the defendant requiring an explanation. At an examination before trial, defendant testified that prior to the impact she had been driving at 5 to 10 miles per hour in the supermarket parking lot in a driving rainstorm. Although defendant's testimony concerning the exact point at which she first saw plaintiffs' parked car was inconsistent, i.e., she alternately stated that it was "two feet" away and between two and three car lengths away, her testimony concerning the cause of the impact did not vary. She testified, "I did what I had to do to stop the car * * * I put my foot on the brake, and I put it in park. And somehow or other, the car kept going * * * It rolled. It * * * skidded—I don't know * * * I did everything I was supposed to do".

We acknowledge that summary judgment is a rare event in negligence cases; however, plaintiffs are entitled to summary judgment where, as here, "there is no conflict at all in the evidence, the defendant's conduct fell far below any permissible standard of due care, and the plaintiff's conduct * * * was not really involved" (*Andre v Pomeroy,* 35 NY2d 361, 365).

Defendant's testimony that she did everything that she was supposed to do, and that her car inexplicably rolled after she applied her brakes, is insufficient to raise a triable issue of fact concerning liability. If defendant intended to lay blame for the accident on brake failure, it was incumbent upon her to show that the problem with the brakes was unanticipated, and that she had exercised reasonable care to keep them in good working order (*Stanisz v Tsimis,* 96 AD2d 838). In addition, defendant's belated speculation on appeal that there may have been oil on the road causing her to skid will not aid her, as this court is not obliged to "ferret out speculative issues 'to get the case to the jury,' where the trial may

disclose something the pretrial proceedings have not" (*Andre v Pomeroy, supra,* at p 364). Not only has the defendant failed to come forward with sufficient facts to create a triable issue of fact, but if the case were to go to a jury after a trial on the basis of the proffered defense, a defendant's verdict would have to be set aside. Accordingly, plaintiffs are entitled to summary judgment on the issue of defendant's negligence. We, of course, express no view concerning the sufficiency of the plaintiffs' case in any regard other than the defendant's breach of the duty of due care owed to plaintiffs. Gibbons, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.