■ KELLI NORMOYLE et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.—Order of the Supreme Court, New York County (Charles E. Ramos, J.), entered August 15, 1991, which denied plaintiffs' motion for summary judgment on the issue of liability, is unanimously reversed, on the law, and the motion granted, without costs.

Plaintiff Kelli Normoyle was a passenger in a car which was stopped at a red light when it was struck in the rear by a bus owned and operated by defendants. Plaintiffs moved for summary judgment on the issue of liability. The IAS court denied this motion. It found questions as to whether plaintiff Kelli Normoyle was wearing a seat belt at the time of the accident and, if not, whether this alleged omission contributed to her injuries.

Initially, we note that failure to wear a seat belt does not affect liability but is limited only to the determination of the plaintiff's damages *(see, Spier v Barker,* 35 NY2d 444, 446).

The defendant relies on the general rule that whether its conduct amounts to "negligence" is inherently a question for the fact-trier. "Even the so-called 'rear-end' collision, the one most presumptively favorable to the plaintiff, can readily be shown to involve factors necessitating trial, such as that there was an oil slick on the road that caused defendant to skid, or that the brakes gave way without any warning, or that the defendant took suddenly ill at the wheel, etc." (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:8, at 316).

However, while we agree with that general proposition, where the plaintiff establishes a prima facie case on such a motion for summary judgment, the defendant is then obligated to come forward with evidentiary facts showing the existence of genuine, triable issues of fact.

In this case, the defendant merely proffered "brake failure" as an excuse for the accident. This was insufficient to raise a triable issue of fact. "If defendant intended to lay blame for the accident on brake failure, it was incumbent upon [it] to show that the problem with the brakes was unanticipated, and that [it] had exercised reasonable care to keep them in good working order" *(O'Callaghan v Flitter,* 112 AD2d 1030, 1031;

*see also, Benyarko v Avis Rent A Car Sys.,* 162 AD2d 572). Concur—Sullivan, J. P., Rosenberger, Ellerin, Asch and Rubin, JJ.