■ VICKIE M. SUITOR et al., Respondents, v RAYMOND E. BOIVIN et al., Appellants. [631 NYS2d 960] —Order unanimously reversed on the law without costs, motion denied and cross motion granted. Memorandum: On May 5, 1987, Vickie M. Suitor (plaintiff) was operating her car on the Niagara section of Interstate I-90 during the morning rush hour when her car was struck in the rear by a van owned by defendant J. Hugill Home Construction, Inc. (Hugill) and operated by defendant Raymond E. Boivin, an employee of Hugill. Plaintiffs commenced this negligence action and, after discovery was completed, moved for partial summary judgment on the issue of liability. Defendants opposed the motion and cross-moved for leave to amend their answer to assert the affirmative defense of unavoidable accident due to brake failure. Supreme Court granted plaintiffs' motion and denied defendants' cross motion.

The court properly concluded that plaintiffs met their initial

burden of showing entitlement to partial summary judgment. It is well settled that, "[a]bsent some excuse, it is negligence as a matter of law if a stopped car is hit in the rear" *(Cohen v Terranella,* 112 AD2d 264; *see, Countermine v Galka,* 189 AD2d 1043, 1044; *DeAngelis v Kirschner,* 171 AD2d 593). Thus, a rear-end collision " 'is sufficient to create a prima facie case of liability' with respect to the operator of the moving vehicle and 'imposes a duty of explanation on the operator of the moving vehicle' " *(Edney v Metropolitan Suburban Bus Auth.,* 178 AD2d 398, 399, quoting *Young v City of New York,* 113 AD2d 833).

The court erred, however, in concluding that defendants' submissions were insufficient to demonstrate the existence of a triable issue of fact. Where, as here, defendants intend "to lay the blame for the accident on brake failure, it [is] incumbent upon [them] to show that the problem with the brakes was unanticipated, and that [they] had exercised reasonable care to keep them in good working order" *(O'Callaghan v Flitter,* 112 AD2d 1030, 1031; *see, Normoyle v New York City Tr. Auth.,* 181 AD2d 498; *Stanisz v Tsimis,* 96 AD2d 838). The deposition testimony proffered by defendants was sufficient to raise an issue of fact whether the accident was caused by brake failure. Defendants tendered evidentiary proof in admissible form to show that the brakes on the van failed, that the brake failure was unanticipated and sudden and that they exercised reasonable care to keep the brakes in good working order *(cf., Normoyle v New York City Tr. Auth., supra,* at 498; *O'Callaghan v Flitter, supra,* at 1030).

Lastly, the court abused its discretion in denying defendants' cross motion to amend the answer to assert the affirmative defense of unavoidable accident due to brake failure. "Leave to amend pleadings shall be freely given absent prejudice or surprise resulting directly from the delay" *(Ciminelli Constr. Co. v County of Erie,* 112 AD2d 1046; *see also,* CPLR 3025 [b]). Defendants' proposed amendment does not prejudice plaintiffs, and we cannot conclude that the affirmative defense is patently lacking in merit. (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.