■ ANNA KILPATRICK et al., Respondents, v HEATHER LES-FLORIS et al., Respondents, and RAMNARINE RAMDASS et al., Appellants. [681 NYS2d 321] —In an action to recover damages for personal injuries, etc., the defendants Ramnarine Ramdass and Jainaranie Mohabir appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated October 28, 1997, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellants' motion is granted, the complaint and all cross claims are dismissed insofar as they are asserted against the appellants, and the action against Joan Walters-Rose is severed.

It is undisputed that the appellants' vehicle was the third vehicle stopped for a red traffic signal at an intersection when their car was hit from the rear by a vehicle driven by the defendant Joan Walters-Rose. A rear-end collision under the circumstances of this case creates a prima facie case of liability on the part of the driver of the offending vehicle, imposing a duty of explanation on his or her part (*see, Rafkind v Clark,*

221 AD2d 611; *Young v City of New York,* 113 AD2d 833). The conclusory allegations of the plaintiffs and the defendant Walters-Rose did not rebut the inference of negligence created by the unexplained rear-end collision and were insufficient to raise a triable issue of fact with respect to liability (*see, Young v City of New York, supra*). Thus, the appellants were entitled to summary judgment (*see, Andre v Pomeroy,* 35 NY2d 361). Mangano, P. J., Thompson, Santucci and McGinity, JJ., concur.