■ Teresa Castellani, Respondent, v Susann Bagdasarian, Appellant. (Appeal No. 2.) [692 NYS2d 560] —Judgment reversed on the law without costs and new trial granted on liability only. Memorandum: Supreme Court erred in granting plaintiff's motion for judgment on liability pursuant to CPLR 4401. Plaintiff established a prima facie case by her testimony that defendant's vehicle struck plaintiff's stopped vehicle from the rear (see, Suitor v Boivin, 219 AD2d 799, 800; Pincus v Cohen, 198 AD2d 405; Cohen v Terranella, 112 AD2d 264). Affording defendant the benefit of every favorable inference from the evidence (cf., Pulitano v Suffolk Manor Caterers, 245 AD2d 279, 280), however, we conclude that the jury might reasonably have found that the collision between defendant's and plaintiff's vehicles resulted not from defendant's negligence but from that of plaintiff in colliding with the rear of the vehicle ahead of hers (see, Zwilling v Harrison, 269 NY 461; Hurley v Izzo, 248 AD2d 674, 675-676; DeVito v Silvernail, 239 AD2d 824; Suitor v Boivin, supra, at 800).

The amount of the verdict in the separate trial on damages is not challenged on appeal. We therefore reverse the judgment and grant a new trial on liability only.

All concur except Callahan, J., who dissents and votes to affirm in the following Memorandum.

Callahan, J. (dissenting). I disagree with the majority's conclusion "that the jury might reasonably have found that the collision between defendant's and plaintiff's vehicles resulted not from defendant's negligence but from that of plaintiff in colliding with the rear of the vehicle ahead of hers". Neither defendant's testimony nor the testimony of the nonparty witness Sherry Moore, the owner of the vehicle in traffic ahead of plaintiff, gives rise to such a conclusion. Moore testified that plaintiff's vehicle struck hers and that she heard only one collision. Plaintiff testified that, when her vehicle was struck by defendant's, her vehicle was driven into Moore's vehicle. On cross-examination Moore conceded that plaintiff's vehicle could have been struck from behind and driven into her vehicle. She also acknowledged that, after the accident and while at the scene, she learned how the accident occurred. Viewing the evidence in the light most favorable to defendant, I conclude that the trial court properly found that by no rational process could the jury have found in favor of defendant. Indeed, the court

properly stated, "I think to allow the jury to deal with that issue is in the range of speculation". The court observed the witnesses and in my view properly directed a verdict at the close of the proof. I therefore vote to affirm. Defendant does not challenge the damages awarded by the jury. (Appeal from Judgment of Supreme Court, Erie County, Cosgrove, J.—Negligence.) Present—Denman, P. J., Hayes, Wisner, Hurlbutt and Callahan, JJ.