■ LISA K. SCHUSTER, Respondent, v AMBOY BUS CO., INC., et al., Appellants. [700 NYS2d 484] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (Lebowitz, J.), dated February 26, 1999, which granted that branch of the plaintiff's motion which was for partial summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and that branch of the motion which was for partial summary judgment on the issue of liability is denied.

The plaintiff was allegedly injured when a bus owned by the defendant Amboy Bus Company, Inc. (hereinafter Amboy), and operated by the defendant Joseph Peritore, collided with the rear of her vehicle which was stopped at a red traffic light. A rear-end collision into a stopped vehicle creates a prima facie case of liability with respect to the operation of the moving vehicle (*see, Leal v Wolff,* 224 AD2d 392; *Barile v Lazzarini,* 222 AD2d 635; *Gambino v City of New York,* 205 AD2d 583). However, where the operator of the moving vehicle alleges that the accident was the result of brake failure and presents evidence that the brake problem was unanticipated, and that rea-

sonable care had been exercised to keep the brakes in good working order, he or she has demonstrated a nonnegligent explanation for the happening of the accident (*see, Suitor v Boivin,* 219 AD2d 799; *Liana v Atacil Contr.,* 212 AD2d 673; *O'Callaghan v Flitter,* 112 AD2d 1030).

At his examination before trial, Peritore testified that the brake failure he experienced just before the collision was sudden and unanticipated, that he had inspected and tested the brakes on the bus involved before taking it on the road and found that the brakes "were fine", and that Amboy's buses were inspected by mechanics twice annually. There was no proof that the bus was otherwise operated in a negligent manner. Accordingly, the defendants tendered evidentiary proof in admissible form sufficient to defeat the plaintiff's motion for partial summary judgment on the issue of liability (*see, Suitor v Boivin, supra; cf., Normolye v New York City Tr. Auth.,* 181 AD2d 498). Santucci, J. P., Joy, Florio and Luciano, JJ., concur.