■ Maria Vidal, Respondent, v Rafael Tsitsiashvili et al., Appellants, and K.P. Hazoglou et al., Respondents. [747 NYS2d 524]

It is undisputed that the vehicle operated by the defendant Rafael Tsitsiashvili, and owned by the defendant Alina Services Corp., was stopped at a red traffic signal at an intersection when it was hit in the rear by a vehicle operated by the defendant K.P. Hazoglou and owned by the defendant Help A Home Corp. A rear-end collision under the circumstances presented here creates a prima facie case of liability on the part of the driver of the offending vehicle, imposing a duty of explanation on his or her part (*see Crisano v Comp Tools Corp.,* 295 AD2d 393; *Schuster v Amboy Bus Co.,* 267 AD2d 448; *Kilpatrick v Lesfloris,* 256 AD2d 312; *Rafkind v Clark,* 221 AD2d 611, 612). The appellants sustained their burden of showing prima facie their entitlement to summary judgment, thus shifting the burden to the opposing parties to raise a triable issue of fact (*see* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562).

Where, as in this case, the driver of the offending vehicle lays the blame for the accident on brake failure, it is incumbent upon that party to show that the brake problem was unanticipated and that reasonable care was exercised to keep the brakes in good working order (*see Schuster v Amboy Bus Co., supra; Normoyle v New York City Tr. Auth.,* 181 AD2d 498; *O'Callaghan v Flitter,* 112 AD2d 1030, 1031). Here, Hazoglou merely proffered brake failure as an excuse for the accident without further explanation, and the plaintiff offered no admissible evidence in opposition to the motion for summary judgment. Inasmuch as the appellants' vehicle was struck in the rear by the vehicle operated by Hazoglou and owned by Help A Home Corp., there was insufficient evidence to raise a triable issue of fact as to the appellants' liability.

Furthermore, the parties opposing the motion failed to show that facts essential to justify opposition may exist upon further discovery. Thus, the Supreme Court erred in denying the motion for summary judgment pursuant to CPLR 3212 (f) (*see*

*Auerbach v Bennett,* 47 NY2d 619, 636; *Marino v City of New York,* 259 AD2d 469; *Ruttura & Sons Constr. Co. v Petrocelli Constr.,* 257 AD2d 614, 615). Accordingly, the order is reversed, and summary judgment is granted to the appellants. Altman, J.P., Feuerstein, Friedmann, Schmidt and Townes, JJ., concur.