■ Hilda Hollis, Respondent, v Robin J. Kellog, Appellant. [761 NYS2d 253] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Werner, J.), dated June 11, 2002, which granted the plaintiff's motion for summary judgment on the issue of liability and denied her cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A rear-end collision with a stopped vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on the operator of the moving vehicle to provide a nonnegligent explanation for the happening of the accident to rebut the inference of negligence (*see Ziminski v Rosenthal,* 276 AD2d 790 [2000]; *Lopez v Minot,* 258 AD2d 564 [1999]; *Leal v Wolff,* 224 AD2d 392 [1996]).

In instances where the operator of the moving vehicle alleges that the rear-end collision was caused by brake failure, the operator must present evidence demonstrating that the brake problem was unanticipated, and that reasonable care had been exercised to keep the brakes in good working order (*see Elgendy v Pilpel,* 303 AD2d 446 [2003]; *Vidal v Tsitsiashvili,* 297 AD2d 638 [2002]; *Schuster v Amboy Bus Co.,* 267 AD2d 448 [1999]).

Here, the plaintiff established a prima facie case of negligence by presenting evidence that the defendant's vehicle struck the rear of the vehicle in which she was a passenger while the latter vehicle was stopped for a red light (*see Ziminski v Rosenthal, supra; Lopez v Minot, supra; Leal v Wolff, supra*). Although the defendant maintained that the rear-end collision was caused by brake failure, the defendant did not submit admissible evidence, and, in any event, did not rebut the inference of negligence, since she failed to submit evidence that the brake problem was unanticipated and that she exercised reasonable care to keep the brakes in good working order (*see Elgendy v Pilpel, supra; Schuster v Amboy Bus Co., supra; cf. Vidal v Tsitsiashvili, supra*). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability and denied the defendant's cross motion for summary judgment.

The defendant's remaining contentions are without merit. Prudenti, P.J., Ritter, Luciano and Cozier, JJ., concur.