■ CECELIA P. REID et al., Appellants, v YEM RAYAMAJHI, Respondent. [795 NYS2d 56]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (G. Aronin, J.), dated October 15, 2003, which denied the motion of the plaintiff Cecelia P. Reid for summary judgment on the issue of liability.

Ordered that the appeal by the plaintiff James Myles is dismissed, as he is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is reversed, on the law, and the motion is granted; and it is further,

Ordered that one bill of costs is awarded to the plaintiff Cecelia P. Reid payable by the respondent.

A rear-end collision establishes a prima facie case of negligence on the part of the driver of the rear vehicle, and imposes a duty upon him or her to explain how the accident occurred (*see McGregor v Manzo,* 295 AD2d 487 [2002]; *Ziminski v Rosenthal,* 276 AD2d 790 [2000]; *Leal v Wolff,* 224 AD2d 392 [1996]). In instances where the driver of the rear vehicle alleges that the accident was caused by brake failure, the driver must present evidence demonstrating that the brake problem was unanticipated and that reasonable care had been exercised to keep the brakes in good working order (*see Hollis v Kellog,* 306 AD2d 244 [2003]; *Elgendy v Pilpel,* 303 AD2d 446 [2003]; *Karakostas v Avis Rent A Car Sys.,* 301 AD2d 632 [2003]; *Vidal v Tsitsiashvili,* 297 AD2d 638 [2002]; *O'Callaghan v Flitter,* 112 AD2d 1030 [1985]; *Stanisz v Tsimis,* 96 AD2d 838 [1983]).

Here, in response to the plaintiff Cecelia P. Reid's demonstration of her entitlement to judgment as a matter of law, the defendant failed to submit evidence sufficient to raise a triable issue of fact as to whether the alleged brake failure was unanticipated and whether he had exercised reasonable care to maintain the brakes in good working order (*cf. Schuster v Amboy Bus Co.,* 267 AD2d 448 [1999]; *Liana v Atacil Contr.,* 212 AD2d 673 [1995]). He did not describe the nature of the inspection that was required of his vehicle, a livery vehicle, by the Taxi and Limousine Commission and state when the inspections were performed. Schmidt, J.P., Santucci, Luciano and Mastro, JJ., concur.