■ HERBERT C. MACWHINNIE et al., Appellants, v JOHN G. NUGENT et al., Respondents. [812 NYS2d 635]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Berler, J.), dated April 12, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants stored their 1969 Mercedes Benz in the plaintiffs' garage. On December 6, 2001, the plaintiff Herbert C. MacWhinnie (hereinafter the injured plaintiff) moved the car out of the garage, in order to sweep out the garage. He testified at his deposition that he pulled the car out of the garage and put the transmission in park, leaving the engine on and the driver's side door open. After one or two minutes, the injured plaintiff noticed the car rolling backwards toward the garage. He ran to the car with the intention of attempting to get into

the driver's seat and stop the car, and was struck by the car and injured. After the accident the injured plaintiff noticed that the transmission was in reverse gear. The plaintiffs alleged, inter alia, that the defendants knew or should have known that the vehicle had a mechanical defect which could cause it to suddenly slip out of gear and cause an accident such as the one that occurred.

After the completion of discovery, the defendants' motion for summary judgment dismissing the complaint was granted, and the plaintiffs brought this appeal. We affirm.

The defendants made a prima facie showing of entitlement to judgment as a matter of law on the basis that they were unaware of a mechanical defect which could cause the vehicle's transmission to slip out of park into reverse, and that they made reasonable efforts to maintain the vehicle in a safe manner (see Schuster v Amboy Bus Co., 267 AD2d 448 [1999]; Liana v Atacil Contr., 212 AD2d 673 [1995]). Since the plaintiffs failed to raise a triable issue of fact in response to the defendants' showing, the motion for summary judgment dismissing the complaint was properly granted.

In light of our determination, it is unnecessary to reach the parties' remaining contentions. Miller, J.P., Crane, Luciano and Rivera, JJ., concur.