■ PETER TERRANOVA et al., Appellants, v WAHEED BROKER-AGE, INC., et al., Respondents, et al., Defendant. [912 NYS2d 253]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated December 16, 2009, as denied their motion for summary judgment on the issue of liability insofar as asserted against the defendants Waheed Brokerage, Inc., and Shalom Hindi.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The basis for the plaintiffs' motion for summary judgment insofar as asserted against the defendant Shalom Hindi, the owner of the medallion that was affixed to the taxi that struck the rear of the vehicle operated by the plaintiff Peter Terranova, was that Hindi had failed to maintain the taxi's brakes in adequate condition. On appeal, the plaintiffs contend that they are entitled to summary judgment holding Hindi vicariously liable for the negligent operation of the taxi by the driver Ali J. Syed. Since the plaintiffs' contention is raised for the first time on appeal, it is not properly before this Court, and it will not be addressed (*see Pierre v Lieber*, 37 AD3d 572, 573 [2007]; *Gould-borne v Approved Ambulance & Oxygen Serv.*, 2 AD3d 113, 114 [2003]; *Ta-Chotani v Doubleclick, Inc.*, 276 AD2d 313 [2000]; *Gordon v Hong*, 126 AD2d 514 [1987]).

The Supreme Court properly denied the plaintiffs' motion for summary judgment on the issue of liability insofar as asserted against the defendant Waheed Brokerage, Inc. (hereinafter Waheed). The plaintiffs' submissions failed to eliminate all triable issues of fact as to whether Waheed was the owner of the subject taxi. While title to the taxi was in Waheed's name, there was also evidence that another entity exercised dominion and control over the taxi (*see Zegarowicz v Ripatti*, 77 AD3d 650, [2010]; *Dobson v Gioia*, 39 AD3d 995, 998-999 [2007]; *Aronov v Bruins Transp.*, 294 AD2d 523, 524 [2002]; *Corrigan v Di-*

*Guardia*, 166 AD2d 408, 409 [1990]; *Matter of Vergari v Kraisky*, 120 AD2d 739, 740 [1986]). Therefore, the plaintiffs failed to satisfy their prima facie burden of establishing their entitlement to judgment as a matter of law (*see e.g. Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Contrary to Waheed's contention, the Graves Amendment (49 USC § 30106) would not apply where, as here, the plaintiffs seek to hold Waheed directly liable for its alleged failure to maintain the taxi's brakes in adequate condition (*see Collazo v MTA-New York City Tr.*, 74 AD3d 642 [2010]; *see also* Vehicle and Traffic Law § 375 [1] [a]; *Fried v Korn*, 286 App Div 107, 109 [1955], *affd* 1 NY2d 691 [1956]; *cf. Gluck v Nebgen*, 72 AD3d 1023 [2010]).

The parties' remaining contentions either are without merit or have been rendered academic. Dillon, J.P., Santucci, Dickerson and Chambers, JJ., concur.