■ Franscesco Ballatore et al., Appellants-Respondents, v HUB Truck Rental Corp., Respondent-Appellant, and David C. Butler et al., Respondents. [922 NYS2d 180]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), entered January 12, 2010, as denied their cross motion for summary judgment on the issue of liability, and the defendant HUB Truck Rental Corp. cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, (1) by deleting

the provision thereof denying the motion of the defendant HUB Truck Rental Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and substituting therefor a provision granting the motion, and (2) by deleting the provision thereof denying those branches of the plaintiffs' cross motion which were for summary judgment on the issue of liability insofar as asserted against the defendants David C. Butler and Nuzzolese Bros. Ice Corporation and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the plaintiffs to the defendant HUB Truck Rental Corp., and one bill of costs payable by the defendants David C. Butler and Nuzzolese Bros. Ice Corporation to the plaintiffs.

A vehicle operated by the plaintiff Franscesco Ballatore was stopped at a red traffic light at an intersection when it was allegedly hit in the rear by a rental truck driven by the defendant David C. Butler. Butler was driving the truck in the course of his employment with the defendant Nuzzolese Bros. Ice Corporation (hereinafter Nuzzolese). Nuzzolese had rented the truck from the defendant HUB Truck Rental Corp. (hereinafter HUB).

Ballatore and his wife, suing derivatively, commenced this action against HUB, Butler, and Nuzzolese to recover damages for personal injuries sustained in the accident. HUB moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that, under the Graves Amendment (*see* 49 USC § 30106), it could not be held vicariously liable for the accident. The plaintiffs cross-moved for summary judgment on the issue of liability, arguing that the injured plaintiff was rear-ended and that the defendants did not have a nonnegligent excuse for the accident. The Supreme Court, inter alia, denied HUB's motion and the plaintiffs' cross motion, finding that triable issues of fact existed as to whether the accident was caused by the truck's unanticipated brake failure and whether HUB exercised reasonable care in maintaining the brakes in good working order. The plaintiffs appeal and HUB cross-appeals. We modify.

Pursuant to the Graves Amendment (*see* 49 USC § 30106), generally, the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of such vehicle if: (1) the owner is engaged in the trade or business of renting or leasing motor vehicles, and (2) there is no negligence or criminal wrongdoing on the part of the owner (*see* 49 USC § 30106 [a]; *Graham v Dunkley*, 50 AD3d 55, 58 [2008]).

Here, HUB established its prima facie entitlement to judgment as a matter of law by showing that it was engaged in the business of renting vehicles, that it was not negligent in maintaining the rental truck's brakes, and that the accident was not caused by brake failure. In opposition to HUB's motion, no triable issues of fact were raised (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court should have granted HUB's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

The Supreme Court also should have granted those branches of the plaintiffs' cross motion which were for summary judgment on the issue of liability insofar as asserted against Butler and Nuzzolese. "[A] rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (*Plummer v Nourddine*, 82 AD3d 1069, 1069-1070 [2011] [citations omitted]; *see Ortiz v Hub Truck Rental Corp.* 82 AD3d 725, 726 [2011]; *Gleason v Villegas*, 81 AD3d 889, 890 [2011]; *Harris v Auto Palace Truck Rental & Leasing, Inc.*, 81 AD3d 691, 692 [2011]). "Where . . . the driver of the offending vehicle lays the blame for the accident on brake failure, it is incumbent upon that party to show that the brake problem was unanticipated and that reasonable care was exercised to keep the brakes in good working order" (*Vidal v Tsitsiashvili*, 297 AD2d 638, 638 [2002]; *see Hollis v Kellog*, 306 AD2d 244, 245 [2003]; *Elgendy v Pilpel*, 303 AD2d 446, 447 [2003]; *Schuster v Amboy Bus Co.*, 267 AD2d 448, 448-449 [1999]).

Here, the plaintiffs established, prima facie, that Butler, who was driving the truck in the course of his employment with Nuzzolese, rear-ended the injured plaintiff's vehicle while that vehicle was stopped at a red traffic light (*see Schuster v Amboy Bus Co.*, 267 AD2d at 448). In opposition, Butler and Nuzzolese failed to raise a triable issue of fact as to the existence of a nonnegligent explanation for the accident. The evidence in the record, including Butler's deposition testimony, indicated that the truck's brakes were, in fact, working at the time of the accident and that the accident was caused by driver error rather than brake failure. Thus, the plaintiffs were entitled to summary judgment on the issue of liability insofar as asserted against Butler and Nuzzolese. The Supreme Court, however, properly denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability insofar as asserted against HUB, since the plaintiffs failed to establish, prima facie, any negligence on the part of HUB (*see Winegrad v New York*

*Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Rivera, J.P., Dickerson, Lott and Cohen, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30059(U).]**