■ FRANTZ OLMANN, Appellant, v BEATRICE NEIL et al., Defendants, and PV HOLDING CORP. et al., Respondents. [18 NYS3d 105]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Butler, J.), entered July 8, 2014, which granted that branch of the motion of the defendants PV Holding Corp. and Andre Cooper which was for summary judgment dismissing the complaint insofar as asserted against the defendant PV Holding Corp.

Ordered that the order is reversed, on the law, with costs, and that branch of the motion of the defendants PV Holding Corp. and Andre Cooper which was for summary judgment dismissing the complaint insofar as asserted against the defendant PV Holding Corp. is denied.

The complaint alleges that a vehicle operated by the plaintiff was struck by two other vehicles, including a vehicle owned by the defendant PV Holding Corp. (hereinafter PV Holding) and operated by the defendant Andre Cooper (hereinafter together the PV defendants). As pertinent here, the complaint alleges that PV Holding was negligent in failing to maintain and repair its vehicle. The PV defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against PV Holding, arguing that, pursuant to the Graves Amendment (49 USC § 30106), PV Holding was not liable for the plaintiff's injuries because it was engaged in the trade of renting motor vehicles, and the accident was not the result of any negligence on its part. In the order appealed from, the Supreme Court granted that branch of the PV defendants' motion. The plaintiff appeals, and we reverse.

Pursuant to the Graves Amendment (49 USC § 30106), generally, the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of such vehicle if: (1) the owner is engaged in the trade or business of renting or leasing motor vehicles, and (2) there is no negligence or criminal wrongdoing on the part of the owner (*see* 49 USC § 30106 [a]; *Bravo v Vargas*, 113 AD3d 579, 580 [2014]; *Ballatore v HUB Truck Rental Corp.*, 83 AD3d 978, 979 [2011]). The Graves Amendment does not apply where, as here, a plaintiff seeks to hold a vehicle owner liable for the alleged failure to maintain a rented vehicle (*see Terranova v Waheed Brokerage, Inc.*, 78 AD3d 1040, 1041 [2010]; *Collazo v MTA-New York City Tr.*, 74 AD3d 642 [2010]; *Novovic v Greyhound Lines, Inc.*, 2008 WL 5000228, 2008 US Dist LEXIS 94176 [ED NY, Nov. 19, 2008, No. CV-08-3190 (CPS)]). The PV defendants failed to establish, prima facie, PV Holding's entitlement to judgment as a matter of law. Although the PV defendants submitted evidence showing that PV Holding was engaged in

the business of renting vehicles and that regular maintenance was performed on the subject vehicle, the PV defendants failed to submit any admissible evidence to demonstrate that the accident was not caused by the condition of the vehicle as a consequence of PV Holding's allegedly negligent failure to maintain it (*cf. Bravo v Vargas*, 113 AD3d at 580; *Ballatore v HUB Truck Rental Corp.*, 83 AD3d 978 [2011]). As the PV defendants failed to satisfy their initial burden, the Supreme Court should have denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against PV Holding, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Leventhal, Duffy and Barros, JJ., concur.