Casine v Wesner (2018 NY Slip Op 06714)





Casine v Wesner


2018 NY Slip Op 06714


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-04645
 (Index No. 514676/16)

[*1]Ricardine Casine, respondent, 
v
Paul Wesner, et al., appellants.


Harris, King, Fodera & Correia, New York, NY (Michael J. DeGuida-DeRise and Laurent Chevalier of counsel), for appellants.
William Schwitzer & Associates, P.C., New York, NY (Howard R. Cohen of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated March 22, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against the defendant BAMA Commercial Leasing.
ORDERED that the order is affirmed, with costs.
The plaintiff was involved in a vehicular collision with an automobile operated by the defendant Paul Wesner and owned by the defendant BAMA Commercial Leasing (hereinafter BCL). The plaintiff subsequently commenced this action to recover damages for his injuries, alleging, inter alia, that the defendants were negligent in their operation, ownership, and maintenance of the BCL vehicle. Following joinder of issue, and before discovery was conducted, the defendants moved for summary judgment dismissing the complaint insofar as asserted against BCL, relying on the bar against vicarious liability for commercial lessors of vehicles set forth in 49 USC § 30106 (hereinafter the Graves Amendment). The Supreme Court denied the motion, and the defendants appeal. We affirm.
Under the Graves Amendment, the owner of a leased vehicle will not be held vicariously liable for the negligent operation of that vehicle where the owner proves that it is engaged in the business of renting or leasing motor vehicles and it was not otherwise negligent (see Gluck v Nebgen, 72 AD3d 1023; Graham v Dunkley, 50 AD3d 55). However, "[t]he Graves Amendment does not apply where, as here, a plaintiff seeks to hold a vehicle owner liable for the alleged failure to maintain a rented vehicle" (Olmann v Neil, 132 AD3d 744, 745; see Terranova v Waheed Brokerage, Inc., 78 AD3d 1040, 1041; Collazo v MTA-New York City Tr., 74 AD3d 642, 643). Accordingly, in order to establish its prima facie entitlement to judgment as a matter of law in this action, BCL was required to prove not only that it is in the business of leasing vehicles, but also, that it did not negligently maintain the BCL vehicle (see e.g. Pacelli v Intruck Leasing Corp., 128 AD3d 921, 925; Ballatore v HUB Truck Rental Corp., 83 AD3d 978, 979-980; see generally Antoine v Kalandrishvili, 150 AD3d 941, 942; Khan v MMCA Lease, Ltd., 100 AD3d 833, 834).
BCL failed to sustain its prima facie burden, since the affidavit of its litigation specialist failed to address the plaintiff's negligent maintenance theory of liability, and the copy of the lease documents it submitted stated that Wesner was obligated to have the subject vehicle serviced "by a BCL partner dealer" according to a service schedule established by BCL. Accordingly, in the absence of a showing that BCL did not negligently maintain the vehicle, the motion for summary judgment dismissing the complaint insofar as asserted against BCL was properly denied (see Olmann v Neil, 132 AD3d at 746; see generally Anglero v Hanif, 140 AD3d 905), regardless of the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court