Alfaro v Lavacca (2020 NY Slip Op 05173)





Alfaro v Lavacca


2020 NY Slip Op 05173


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-10060
 (Index No. 601101/19)

[*1]Xiomara Alfaro, respondent,
v
Emily L. Lavacca, defendant, Hub Truck Rental Corp., et al., appellants.


Raven & Kolbe, LLP, New York, NY (Keith A. Raven of counsel), for appellants.
Siben & Siben, LLP, BayShore, NY (Alan G. Faber of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Hub Truck Rental Corp. and Santos N. Ramos-Sosa appeal from an order of the Supreme Court, Suffolk County (Paul. J. Baisley, Jr., J.), dated August 14, 2019. The order, insofar as appealed from, denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against the defendant Hub Truck Rental Corp.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On December 13, 2018, the plaintiff allegedly was injured when a vehicle he was driving was involved in a three-vehicle automobile accident. One of the other vehicles involved in the accident was a truck owned by the defendant Hub Truck Rental Corp. (hereinafter Hub) and operated by the defendant Santos N. Ramos-Sosa. Subsequently, the plaintiff commenced this action to recover damages for personal injuries against Hub and Ramos-Sosa (hereinafter together the Hub defendants) and another party. The Hub defendants subsequently moved for summary judgment dismissing the complaint insofar as asserted against Hub. They argued that Hub, as a lessor of a motor vehicle involved in an accident, was shielded from liability for personal injuries sustained in the accident by the Graves Amendment (see 49 USC § 30106). The Supreme Court denied the Hub defendants' motion, and they appeal.
The Graves Amendment provides that "the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of such vehicle if the owner (i) is engaged in the trade or business of renting or leasing motor vehicles, and (ii) engaged in no negligence or criminal wrongdoing" (Bravo v Vargas, 113 AD3d 579, 580; see 49 USC § 30106[a]). However, the Graves Amendment will not apply where, as here, a plaintiff seeks to hold a vehicle owner liable for the alleged failure to maintain a leased or rented vehicle (see Olmann v Neil, 132 AD3d 744, 745). Therefore, in order to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against Hub, the Hub defendants were required to show (1) that Hub owned the subject truck, (2) that Hub engaged in the business of renting motor vehicles, (3) that the subject accident occurred during the period of the rental, and (4) that there is no triable issue of fact as to the plaintiff's allegation of negligent maintenance (see Lozano v Magda, Inc., 165 AD3d 1249, 1249; Ballatore v HUB Truck Rental Corp., 83 AD3d 978, [*2]979-980).
The Hub defendants failed to establish their prima facie entitlement to judgment as a matter of law. In support of their motion, the Hub defendants submitted, inter alia, an affidavit from Chelsea Smith (hereinafter the Smith affidavit), an employee of Hub, and a lease agreement between Hub and an individual who is not a party to this action (hereinafter the lease agreement). While the Smith affidavit failed to lay a requisite foundation to make the lease agreement admissible under the business records exception to the hearsay rule (see CPLR 4518[a]), "inadmissible hearsay admitted without objection may be considered and given such probative value as, under the circumstances, it may possess" (Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 55 [internal quotation marks omitted]). However, the lease agreement is of little probative value because the date of the subject accident does not fall within the date range for the rental period for the subject truck listed on the lease agreement. Despite the Hub defendants' assertion that the return date was merely projected and not definitive, they did not submit evidence showing that the lease agreement was extended beyond the projected return date.
Moreover, the Hub defendants failed to submit evidence establishing that Hub was free from negligence (see Lozano v Magda, Inc., 165 AD3d at 1249-1250; cf. Ballatore v HUB Truck Rental Corp., 83 AD3d at 979-980). To the extent that the Smith affidavit asserts otherwise, it lacks probative value because it fails to reveal the basis of Smith's knowledge of the facts supporting that assertion (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208-209).
Accordingly, we agree with the Supreme Court's determination denying the Hub defendants' motion for summary judgment dismissing the complaint insofar as asserted against Hub, regardless of the sufficiency of the plaintiff's opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
AUSTIN, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court