Caldeira v EAN Holdings, LLC (2025 NY Slip Op 04153)

Caldeira v EAN Holdings, LLC

2025 NY Slip Op 04153

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
PHILLIP HOM, JJ.

2023-11163
 (Index No. 525531/19)

[*1]Willian J. Caldeira, respondent, 
v
EAN Holdings, LLC, etc., appellant, Enock Prophete, defendant.

Carman, Callahan & Ingham, LLP, Farmingdale, NY (Anne P. O'Brien and James M. Carman of counsel), for appellant.
Law Offices of Lawrence Perry Biondi, P.C. (Lisa M. Comeau, Garden City, NY [Jason Moussourakis], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant EAN Holdings, LLC, appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated July 17, 2023. The order denied the motion of the defendant EAN Holdings, LLC, for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
In November 2019, the plaintiff, Willian J. Caldeira, commenced this action against the defendants, Enock Prophete and EAN Holdings, LLC (hereinafter EAN), to recover damages for personal injuries he alleged he sustained in September 2019 when a vehicle driven by Prophete and owned by EAN struck a vehicle operated by Caldeira (hereinafter the September 2019 collision). Caldeira alleged, inter alia, that EAN rented its vehicle to Prophete.
EAN moved for summary judgment dismissing the complaint insofar as asserted against it and in support of its motion, submitted, among other things, the complaint and the bill of particulars. Caldeira opposed. In an order dated July 17, 2023, the Supreme Court denied EAN's motion. EAN appeals. We affirm.
In order to establish that it is protected under the Graves Amendment against vicarious liability for personal injuries resulting from the use of a vehicle "during the period of the rental," an owner of a motor vehicle, which rents that vehicle to another, must show that the owner: (1) "is engaged in the trade or business of renting or leasing motor vehicles," and (2) "there is no negligence or criminal wrongdoing on the part of the owner" (49 USC § 30106[a][1], [2]; see Couchman v Nunez, 180 AD3d 645, 645). Thus, in order to establish its entitlement to summary judgment as a matter of law, EAN was required to show, prima facie, (1) that it owned the vehicle driven by Prophete during the September 2019 collision, (2) that EAN engaged in the business of leasing or renting motor vehicles, (3) that the September 2019 collision occurred during the period of the lease or rental, and (4) that there is no triable issue of fact as to the plaintiffs' allegation of negligent maintenance contributing to the September 2019 collision (see Olmann v Neil, 132 AD3d 744, 745-746).
Here, although EAN demonstrated that it owned the vehicle driven by Prophete during the September 2019 collision and that it was engaged in the business of leasing or renting motor vehicles, EAN failed to establish, prima facie, that there is no triable issue of fact as to the allegation in the bill of particulars that EAN's negligent maintenance of the vehicle contributed to the September 2019 collision. Specifically, Caldeira alleged, inter alia, that EAN failed to provide adequate or efficient brakes. Although EAN submitted maintenance records for its rented vehicle, it did not submit any evidence to demonstrate that the vehicle's brakes or braking system had been inspected and/or maintained before or around the time of the September 2019 collision (see Bravo v Vargas, 113 AD3d 579, 581; Ballatore v HUB Truck Rental Corp., 83 AD3d 978, 980).
Accordingly, the Supreme Court properly denied EAN's motion for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., WOOTEN, WARHIT and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court