Joseph v Marmolejos

2026 NY Slip Op 02256

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Jean Bernard Joseph, appellant,

v

Daven Lewis Marmolejos, defendant, A-1 Cars NY, Inc., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2024-09797, (Index No. 533098/22)

Angela G. Iannacci, J.P.

Valerie Brathwaite Nelson

Deborah A. Dowling

Donna-Marie E. Golia, JJ.

William Pager, Brooklyn, NY, for appellant.

Marshall Dennehey, P.C., New York, NY (Jack J. Yau and Diane K. Toner of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated July 27, 2024. The order granted the motion of the defendant A-1 Cars NY, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant A-1 Cars NY, Inc., for summary judgment dismissing the complaint insofar as asserted against it is denied.

The plaintiff allegedly was injured when the vehicle he was driving was struck in the rear by a vehicle owned by the defendant A-1 Cars NY, Inc. (hereinafter A-1 Cars), and operated by the defendant Daven Lewis Marmolejos. The plaintiff thereafter commenced this personal injury action against A-1 Cars and Marmolejos, alleging, as to A-1 Cars, among other things, that it was negligent in the maintenance, inspection, and repair of the vehicle.

After joinder of issue, A-1 Cars moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that it was protected under the Graves Amendment (see 49 USC § 30106[a]) from vicarious liability for the plaintiff's alleged injuries. By order dated July 27, 2024, the Supreme Court granted the motion. The plaintiff appeals.

"Under the Graves Amendment (49 USC § 30106), the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of such vehicle if the owner (i) is engaged in the trade or business of renting or leasing motor vehicles, and (ii) engaged in no negligence or criminal wrongdoing" (Bravo v Vargas, 113 AD3d 579, 580; see 49 USC § 30106[a]; Kurtaj v Borax Paper Prods., Inc., 231 AD3d 939, 941). Thus, under the circumstances of this case, in order to establish entitlement to judgment as a matter of law dismissing the complaint under the Graves Amendment, A-1 Cars was required to show, prima facie, (1) that it owned the subject vehicle, (2) that it engaged in the trade or business of leasing or renting motor vehicles, (3) that the accident occurred during the period of the lease or rental, and (4) that there is no triable issue of fact as to any allegation of negligent maintenance contributing to the accident (see Caldeira v [*2]EAN Holdings, LLC, 240 AD3d 654, 655; Kurtaj v Borax Paper Prods., Inc., 231 AD3d at 941).

Here, the only evidence submitted by A-1 Cars aside from an uncertified police accident report, which was inadmissible (see Pei-Qin Wang v Rodriguez, 235 AD3d 887, 888; Felle v Maxaner, 232 AD3d 853, 854), was an affidavit from its "Claims Administrator," Mariley Mendez. The conclusory, unsupported affidavit was insufficient to demonstrate, prima facie, A-1 Cars's entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it on the basis of the Graves Amendment. Among other things, Mendez's averments that she "check[ed]" the vehicle prior to the rental and that there were no records of mechanical problems with the vehicle were insufficient to establish, prima facie, that the vehicle was properly maintained and in good repair at the time of the subject accident (see Caldeira v EAN Holdings, LLC, 240 AD3d at 655; Lozano v Magda, Inc., 165 AD3d 1249, 1249-1250; Olmann v Neil, 132 AD3d 744, 745-746).

A-1 Cars's remaining contention is without merit.

Since A-1 Cars failed to satisfy its initial burden, the Supreme Court should have denied its motion for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).

IANNACCI, J.P., BRATHWAITE NELSON, DOWLING and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court