Wesa v Consolidated Bus Tr., Inc.

2026 NY Slip Op 02690

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Adel Wesa, appellant,

v

Consolidated Bus Transit, Inc., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2024-10142, (Index No. 516528/23)

Lara J. Genovesi, J.P.

Linda Christopher

Lillian Wan

Lourdes M. Ventura, JJ.

Ogen & Sedaghati, P.C., New York, NY (Eitan Alexander Ogen of counsel), for appellant.

Silverman Shin & Schneider PLLC, New York, NY (Andrew V. Achiron of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated June 26, 2024. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence without prejudice to renew.

ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence are granted.

The plaintiff commenced this action against the defendants to recover damages for personal injuries that he alleged he sustained when his vehicle was struck in the rear by the defendants' vehicle. Before any discovery was conducted, the plaintiff moved, inter alia, for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence. In an order dated June 26, 2024, the Supreme Court, among other things, denied those branches of the plaintiff's motion without prejudice to renew. The plaintiff appeals.

"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries. A plaintiff is no[t] . . . required to show freedom from comparative fault in establishing his or her prima facie case" (Shanyou Liu v Joerg, 223 AD3d 762, 763 [citations and internal quotation marks omitted]; see Rodriguez v City of New York, 31 NY3d 312, 317-325). However, "the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as here, the plaintiff moved for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence" (Frankel v Jaroslawicz, 225 AD3d 742, 743). Moreover, "[a] driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably [*2]safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Madrigal v Paragon Motors of Woodside, Inc., 236 AD3d 885, 887 [internal quotation marks omitted]). "Thus, a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence" (Maurice v Donovan, 235 AD3d 633, 634 [internal quotation marks omitted]). "A nonnegligent explanation may include a mechanical failure, a sudden, unexplained stop of the vehicle ahead, an unavoidable skidding on wet pavement, or any other reasonable cause" (Donnellan v LaMarche, 221 AD3d 783, 784 [internal quotation marks omitted]). Where the defendants lay the blame for the accident on brake failure, it is incumbent upon them to show that the brake failure was unanticipated and that reasonable care was exercised to keep the brakes in good working order (see Ballatore v HUB Truck Rental Corp., 83 AD3d 978, 980; Reid v Rayamajhi, 17 AD3d 557, 558).

Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting his affidavit wherein he averred that his vehicle had been stopped for approximately 10 seconds for a red traffic light when it was struck in the rear by the defendants' vehicle (see Maurice v Donovan, 235 AD3d at 634; Martin v Copado-Esquivel, 226 AD3d 668, 670). In opposition, the defendants failed to raise a triable issue of fact as to whether the alleged brake failure was unanticipated and whether reasonable care was exercised to keep the brakes in good working order (see Reid v Rayamajhi, 17 AD3d 557, 558; cf. Schuster v Amboy Bus Co., 267 AD2d 448, 449; Liana v Atacil Contr., 212 AD2d 673, 673-674).

The plaintiff also established his prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defenses alleging comparative negligence by demonstrating that he was not at fault in the happening of the accident (see Maurice v Donovan, 235 AD3d at 634; Martin v Copado-Esquivel, 226 AD3d at 670). In opposition, the defendants failed to raise a triable issue of fact.

Contrary to the defendants' contention, the plaintiff's motion was not premature (see CPLR 3212[f]; Maurice v Donovan, 235 AD3d at 635).

Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence.

GENOVESI, J.P., CHRISTOPHER, WAN and VENTURA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court